[Cite as *Webb v. Clipper*, 2020-Ohio-3914.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JERRY C. WEBB, JR.

    Plaintiff

    v.

KIMBERLY CLIPPER, WARDEN

    Defendant

C.A. No.    20CA011660

ORIGINAL ACTION

Dated: August 3, 2020

PER CURIAM.

{¶1} Jerry C. Webb has attempted to invoke this Court's original jurisdiction by filing a "Complaint for Damages" against Kimberly Clipper, Warden of Lorain Correctional Institution. Because Mr. Webb has not complied with the mandatory requirements of R.C. 2969.25, this Court must dismiss the complaint.

{¶2} Mr. Webb filed a handwritten document captioned "Complaint for Damages" with the Lorain County Clerk of Courts. He seeks money damages from Warden Clipper for the loss of his eyeglasses when he was an inmate in the Lorain Correctional Institution. In his complaint, he alleged that this Court has jurisdiction under 42 U.S.C. 1983 and 28 U.S.C. 1343 through the Fourteenth Amendment to the United States Constitution. This Court's jurisdiction, however, is established by the Ohio Constitution in Article IV, Section 3. That provision specifically limits an appellate

court's original jurisdiction to five specific writs. The Ohio Constitution does not vest appellate courts with original jurisdiction over claims for money damages.

{¶3}    In addition to the jurisdictional defect apparent on the face of his complaint, Mr. Webb failed to comply with the statutory filing mandate that requires this Court to dismiss this case. R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. As noted above, Mr. Webb named Warden Clipper, a government employee, as the defendant in this action. Mr. Webb, currently incarcerated in the Erie County Jail, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶4}    Mr. Webb did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Webb did not file an affidavit of indigency and he did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. Mr. Webb also failed to file an affidavit of his prior civil actions. R.C. 2969.25(A). Thus, Mr. Webb failed to comply with the mandatory requirements of R.C. 2969.25 and this case must be dismissed.

{¶5}   Because Mr. Webb did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed.  Costs taxed to Mr. Webb.

{¶6}   The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JERRY C. WEBB, JR., Pro se, Petitioner.